UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

| | |
|---|---|
| KIRK WATSON, and<br>MIKE HEAD,<br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>LAW ENFORCEMENT ALLIANCE<br>　OF AMERICA, INC.,<br>THE UNDISCLOSED CORPORATE<br>　CONTRIBUTOR JOHN DOES,<br>JOHN DOE CONSPIRATORS, and<br>JOHN COLYANDRO.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　CASE NO. _____<br>)<br>)<br>)　**A O 4 C A 6 9 1　L Y**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:**

Defendant Law Enforcement Alliance of America, Inc. ("LEAA"), reserving all

defenses including lack of personal jurisdiction and improper service, hereby gives notice

that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, LEAA has removed to federal

court this attack on core rights protected by the First Amendment to the United States

Constitution.  In particular, 28 U.S.C. § 1441(a) provides that state actions "of which the

district courts of the United States have original jurisdiction, may be removed by the

defendant ... to the district court of the United States for ... the place where [the state]

action is pending."  And 28 U.S.C. § 1332(a) gives federal district courts original

jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value

of $75,000 ... and is between – (1) citizens of different States."

In support of this Notice of Removal, LEAA avers as follows:

1)      On September 27, 2004, a civil action bearing the above caption was filed in the District Court of Travis County, Case No. GN403206.  Copies of all papers relating to that action that have been served on LEAA are attached.  *See* Exhibit A.

2)      Plaintiffs Watson and Head are recent candidates for State elective office. During the election period, LEAA spent money exercising its core First Amendment right to speak out on issues of public interest and importance to support television and mail ads to which Plaintiffs object.  Without alleging that the ads were in any way false, or even that LEAA expressly advocated the election or defeat of any candidate, Plaintiffs mistakenly allege that LEAA's public issue advocacy violated the Texas Election Code and seek recovery of twice the amount LEAA spent, plus legal fees.

2)      Because this Notice is filed within 30 days of the date Plaintiffs filed their state court Petition and, hence, within 30 days of service on any Defendant, it is timely under 28 U.S.C. § 1446(b).

3)      Because putative Defendant Colyandro has been fraudulently joined, he "cannot be regarded as a genuine party for determining diversity jurisdiction," *Johnson v. Heublein, Inc.,* 227 F.3d 236, 240 (5th Cir. 2000), and his consent to removal is not required, *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).  Fictional defendants are disregarded for diversity purposes.  28 U.S.C. § 1441(a).

4)      A copy of this Notice of Removal has been served on Plaintiffs and filed in the District Court of Travis County, pursuant to 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

5)      This Court has original diversity jurisdiction over this action under 28

U.S.C. § 1332 because (1) there is complete diversity of citizenship between the Plaintiffs

and LEAA; (2) Mr. Colyandro was fraudulently joined; and (3) the amount in

controversy exceeds $75,000, exclusive of interest and costs, as to each Plaintiff.

## DIVERSITY OF CITIZENSHIP

6)      As the Petition reveals, both Plaintiffs are residents and citizens of Texas,

not of Virginia.

7)      LEAA is a citizen of Virginia, not of Texas.  The Petition correctly

identifies LEAA as a corporation with its principal address and place of business in

Virginia, and Plaintiffs purported to serve LEAA in Virginia.  LEAA also is incorporated

under Virginia law, and this readily determinable and widely reported fact is subject to

judicial notice.

## FRAUDULENT JOINDER OF MR. COLYANDRO

8)      Plaintiffs' desire to avoid federal jurisdiction is reflected in Section VIII of

the Petition, which alleges:

> Plaintiffs seek no relief herein under any federal law or the United
> States Constitution and are not seeking relief on any claim that
> may be alleged to have been preempted by federal law.

The only possible reason for this negative allegation is a desire to avoid removal to

federal court.

9)      In a further effort to thwart removal (and perhaps to taint LEAA by

association) Plaintiffs have named a recently indicted Texas resident, Mr. Colyandro, as a

putative co-Defendant, thus ostensibly destroying complete diversity.  But that joinder is

fraudulent.  Fraudulent joinder is established either "by showing: (1) actual fraud in
pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action
against the non-diverse defendant." *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 461 (5th
Cir. 2003) (citation omitted).  In this case, because the Petition gives almost no facts
about Colyandro, the second prong is most applicable.  Its standard is very similar to that
applied under Rule 12(b)(6) (failure to state a claim). *Id.* at 462-63.  Joinder is fraudulent
unless there is a "a *reasonable* possibility of recovery, not merely a *theoretical* one,"
against the non-diverse defendant. *Id.* at 462 (emphasis in original) (citation omitted).

      10)    <u>Where plaintiffs "have not alleged any facts which reasonably</u>
<u>demonstrate that they have a [claim]" against the non-diverse putative defendant, the</u>
<u>joinder is fraudulent.</u> *Johnson,* 227 F.3d at 240.[1]  The Petition here fails to allege facts
that reasonably demonstrate a claim against Mr. Colyandro.  Indeed, the claim
purportedly asserted against Colyandro cannot succeed as a matter of law.  Because the
Petition on its face shows that Colyandro is not properly joined, it is neither necessary nor
appropriate for LEAA to seek to pierce the pleadings. *See Cavallini v. State Farm Mut.*
*Auto. Ins. Co.,* 44 F.3d 256, 260, 264-65 (5th Cir. 1995) (where suit against insurer also
named local agent, accusing him "without supporting allegations" only of failure "to
exercise a duty of good faith," the face of the complaint established fraudulent joinder
that could not be cured by post-removal amendment); *Ghoman v. New Hampshire Ins.*
*Co.*, NO. 3-01-CV-0092-BD(L), 2001 U.S. Dist. LEXIS 4465, at *5 (N.D. Tex. Apr. 12
2001) (local insurance agent fraudulently joined where plaintiff alleged generally that
agent had sold policy and had "engaged in unfair and deceptive acts or practices in the

---

[1]    All emphasis herein is added unless otherwise stated.

NO. *GN403206*

| | | |
|---|---|---|
| KIRK WATSON and MIKE HEAD, | § | IN THE DISTRICT COURT |
|     Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| LAW ENFORCEMENT ALLIANCE | § | OF TRAVIS COUNTY, TEXAS |
| OF AMERICA, INC., THE | § | |
| UNDISCLOSED CORPORATE | § | |
| CONTRIBUTOR JOHN DOES, | § | |
| JOHN DOE CONSPIRATORS, AND | § | |
| JOHN COLYANDRO, | § | *200* JUDICIAL DISTRICT |
|     Defendants | § | |

# PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE PRESIDING:

COME NOW Kirk Watson and Mike Head, Plaintiffs herein, and file their Original Petition and would show the Court as follows:

## I.

1.    This cause is designated as a Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

## II.

### Parties

2.    Plaintiff Kirk Watson is a resident of Travis County, Texas and was a candidate for Texas Attorney General in the General Election held on November 5, 2002.

FILED

04 SEP 27 PM 3: 14

*Amelia Rodriguez Mendoza*
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

3.     Plaintiff Mike Head is a resident of Henderson County, Texas and was a candidate for the Texas House of Representatives in the General Election held on November 5, 2002.

4.     Defendant Law Enforcement Alliance of America, Inc. ("LEAA") has its principal place of business at 7700 Leesburg Pike, Suite 421, Falls Church, Virginia and may be served with process through its registered agent, Richard E. Gardiner at 10560 Main Street, Suite 404, Fairfax, Virginia 22030.

5.     Defendant, John Does, the Undisclosed Corporate Contributors to the LEAA (Corporate Contributors), have addresses that are presently unknown to Plaintiff because Defendants LEAA and Colyandro have refused to disclose the names and addresses of the Corporate Contributors.

6.     Defendants John Doe Conspirators (Conspirators) are persons who solicited corporate contributions, participated in any activities related to handling of the corporate contributions, and conspired with persons within LEAA to expend the unreported corporate contributions in candidate races for public office.  The Conspirators cannot be served at this time, as their identities are presently unknown to Plaintiff.

7.     Defendant John Colyandro is a resident of Austin, Travis County, Texas and may be served at 3303 Perry Lane, Austin, Texas 78731.

### III.

### Venue and Jurisdiction

8.      This Court has jurisdiction and venue of this cause pursuant to §§ 253.131 and 254.231 of the Election Code as the illegal acts of Defendants occurred wholly or partially within Travis County, Texas and Defendant Colyandro is a resident of Travis County, Texas.  The damages due to Plaintiffs are within the jurisdictional limits of this Court.

### IV.

### Legislative Background

9.      Over one hundred years ago "the soberminded Elihu Root saw the need for more effective legislation . . . to prohibit political contributions by corporations" in order to prevent "' the great insurance companies, great telephone companies, the great aggregations of wealth from using their corporate funds, directly or indirectly, to send members of the legislature to these halls in order to vote for their protection and the advancement of their interests as against those of the public.'" *United States v. Automobile Workers,* 352 U.S. 567, 571 (1957) (quoting ELIHU ROOT, ADDRESSES ON GOVERNMENT AND CITIZENSHIP 143 (Robert Bacon & James Brown Scott eds., 1916)).  According to Root, such legislation was necessary to "'strike[] at a constantly growing evil which has done more to shake the confidence of the plain people of small means of this country in our political institutions than any other practice which has ever obtained since the foundation of our Government.'" *Id.*

10.     Such a timely and universal message could not be ignored, and the

Texas Legislature answered Root's appeal in 1907 by prohibiting corporations

from making "'any money contribution . . . for the purpose of aiding or defeating

the election of any candidate.'" *McGovern v. American Airlines, Inc.*, 537 S.W.2d

341, 343 (Tex. Civ. App.—Beaumont 1976, write ref'd n.r.e.).    The Texas

Legislature expanded this prohibition in 1951 to include expenditures, by barring

corporations from giving "'any money or other thing of value, directly or

indirectly, to . . . any other person, for the purpose of aiding or defeating the

nomination or election of any candidate.'" *Id.* at 342.

11.     The rationale for these restrictions has stayed the same since first

enunciated by Root. The U.S. Supreme Court's most recent analysis of the

justification for restrictions on corporate political expenditures noted that:

> State law grants corporations special advantages—such as
> limited liability, perpetual life, and favorable treatment of the
> accumulation and distribution of assets—that enhance their ability
> to attract capital and to deploy their resources in ways that
> maximize the return on their shareholders' investments. These
> state-created advantages not only allow corporations to play a
> dominant role in the Nation's economy, but also permit them to use
> "resources amassed in the economic marketplace" to obtain "an
> unfair advantage in the political marketplace."

*Austin v. Michigan Chamber of Commerce*, 494 U.S. 652, 658-59 (1990) (quoting *FEC

v. Massachusetts Citizens for Life, Inc.*, 479 U.S. 238, 257 (1986)).

12.     From the late 19th century to the 21st century there has been a

steady drumbeat of the same message—large infusions of corporate funds into

candidate elections create both actual and apparent corruption in our democratic

processes. Indeed, "the regulation [of corporate political expenditures] aims at a

. . . type of corruption in the political arena: the corrosive and distorting effects of

immense aggregations of wealth that are accumulated with the help of the

corporate form and that have little or no correlation to the public's support for

the corporation's political ideas." *Id.* at 659-60.

13.     To curb this type of corruption, "the Texas Legislature intended

section 253.094 [of the Election Code] to prohibit political expenditures by

corporations and labor organizations to the full extent allowed by the

Constitution, as interpreted by the United States Supreme Court." Op. Tex.

Ethics Comm'n No. 198 (1994). Moreover, the Legislature's prohibition applies

to "any expenditure to support or oppose a candidate." Op. Tex. Ethics Comm'n

No. 189 (1994).

14.     Because of the corruption stemming from large infusions of

corporate cash to influence candidate elections, Texas has been at the forefront of

prohibiting the hijacking of its elections by large corporate interests. Defendants,

however, have mounted a determined assault on the State's longstanding efforts

to insure the integrity of its elections. Plaintiffs thus believe it is incumbent upon

them to use all means available in defense of this great State's electoral system.

## V.

### Factual Background

15.     On information and belief, LEAA, aided by the John Doe

Conspirators, solicited and/or accepted contributions from the treasuries of for-

profit corporations, the Corporate Contributor, in order to use such funds to finance political advertising intended to oppose the candidacies of Plaintiffs and support their opponents.

16.     On information and belief, a major purpose of LEAA was to elect certain Texas candidates during the 2002 election cycle that would further the interests of the Corporate Contributors.  Attached as Exhibit "A" is an accurate representation of a televised political ad that LEAA ran statewide against Plaintiff Watson.  Attached as Exhibit "B" is a true and correct copy of a political ad mailed to voters in Plaintiff Head's legislative district.  LEAA funded these political ads with corporate profits funneled through LEAA that, from their content and the context of their dissemination, reveal that opposing Plaintiff's candidacies was a major purpose of LEAA.

17.     These political advertisements both supported Plaintiffs' opponents and opposed Plaintiffs' candidacies.

18.     On information and belief, LEAA, through Colyandro, coordinated its expenditures of corporate funds with representatives of the candidate campaigns that opposed Plaintiffs.

## VI.

### Causes of Action

*A.     Illegal Contributions and Expenditures*

19.     Pursuant to § 253.131 of the Election Code, a person who knowingly makes or accepts a campaign contribution or makes a campaign

Respectfully submitted,

RAY, WOOD & BONILLA, L.L.P.

By:_____
       Doug W. Ray
       State Bar No. 16599200

       Randall B. Wood
       State Bar No. 21905000

2700 Bee Caves Road #200
Austin, Texas 78746
(512) 328-8877
(512) 328-1156 (Fax)
**ATTORNEYS FOR PLAINTIFFS**
**KIRK WATSON AND MIKE HEAD**

F:\clients\05757\Orig-Pet.doc

-9-



Announcer:   Personal Injury lawyers like Kirk Watson have  made millions ...



suing doctors, ...

Exhibit "A"
Page 1 of 5



hospitals . . .



and small businesses, hurting families and . . .

Exhibit "A"
Page 2 of 5



driving up the cost of health care.



Greg Abbott is different.

Exhibit "A"
Page 3 of 5



A respected Supreme Court Justice, . . .



Greg Abbot believes in common sense law suit reform . . .

Exhibit "A"
Page 4 of 5



and Greg Abbott supports the swift and aggressive prosecution of sexual predators and child pornographers who prey on our children.



Greg Abbott has a plan for Texas.  To learn more, log on now.

Exhibit "A"
Page 5 of 5

PRESORTED
FIRST-CLASS MAIL
**U.S. POSTAGE PAID**
TEXAS MAILHOUSE, INC.

Law Enforcement Alliance of America, Inc. (LEAA)
7700 Leesburg Pike, Suite 421
Falls Church, VA 22043

**MIKE HEAD** is on the side of convicted baby killers and murderers.

He makes his money taking up for people charged with the most violent of crimes – including the slaying of toddlers, double murders, and one brother killing another.

*FEEL SAFE?*

**SHOULD CRIMINAL LAWYERS BE GIVEN THE OPPORTUNITY TO WRITE TEXAS LAWS?**

Exhibit "B"
Page 1 of 2

# WOULD YOU FEEL SAFE GIVING MIKE HEAD THE STATE SEAL AND ASKING HIM TO WRITE OUR LAWS?

Mike Head is not only on the side of criminal suspects, *he GUARANTEES their bail so they are returned to the streets* where you live and work, and the schools and parks where your children spend their days.

Killing children, double murders, brother slaying brother - the damage done to our society by violence is well documented.

## NOW, MIKE HEAD WANTS A CHANCE TO WRITE THE LAWS.

He wants to take HIS CRIME LAW AGENDA to the Texas Legislature, as the State Representative from House District 4 in Kaufman and Henderson counties.

## YOU CAN'T BE SERIOUS.

Look at what the Mike Head crime law agenda has already given the citizens of Kaufman and Henderson counties.

### ★ A BOLD CRIMINAL ELEMENT

When criminals murder people, including toddlers, they know that - if caught -someone like **Mike Head is no more than a phone call away.**

### ★ MEANER STREETS, LESS PUBLIC SAFETY

Every criminal suspect returned to the street is often another crime waiting to happen – with you, your home, or – even more tragically - your child as the next potential victim.

## LET'S LOOK AT MIKE HEAD'S CRIMINAL DOCKET:

★ When a woman shook a 17-month-old Athens baby to death, Mike Head was there for 'the murder suspect. With Mike Head as her attorney, the woman's crime was reduced from capital murder to manslaughter and she then escaped justice by fleeing, reportedly to Mexico, *thanks to the bond Mike Head helped post.*

★ When a 16-year-old Shady Oak boy faced a murder charge for shooting his brother to death, Mike Head came to the aid of the confessed killer, even getting him released from custody to continue classes. Mike Head told the Athens Review the slaying arose from 'an *adequate cause.'*

★ When a convicted rapist was accused of capital murder for shooting two people to death execution style near Lake Athens, Mike Head tried to prove him innocent. Incredibly, Mike Head's client already had two life sentences and had been convicted of raping a 78-year-old invalid.

★ Head himself, in a previous election, was cited by the Henderson County Sheriff's Deputies for criminal mischief for tearing down his opponents campaign signs.

Exhibit "B"
Page 2 of 2

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS

*A Non-Profit Corporation*

# IF YOU NEED A LAWYER
# AND DON'T KNOW ONE,
# THE LAWYER REFERRAL SERVICE
# CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)

**Weekdays 8:30 am to 5:00 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,**
**bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

# SI USTED NECESITA EL CONSEJO DE UN
# ABOGADO Y NO CONOCE A NINGUNO
# PUEDE LLAMAR
# A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)

**Abierto de lunes a viernes de 8:30 am-5:00 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,**
**indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

6 of 8 DOCUMENTS

Copyright 2002 Associated Press
All Rights Reserved

The Associated Press State & Local Wire

These materials may not be republished without the express written consent of The
Associated Press

October 31, 2002, Thursday, BC cycle

**SECTION:** Political News

**LENGTH:** 813 words

**HEADLINE:** AG candidates continue sparring over television ad

**DATELINE:** AUSTIN

**BODY:**

Democratic candidate for attorney general Kirk Watson on Thursday continued his counterattack against a television ad paid for by an out-of-state group critical of record as a trial lawyer.

Watson accused the Virginia-based Law Enforcement Alliance of America of violating state and federal campaign laws and demanded that Republican opponent Greg Abbott have the ad withdrawn.

Abbott said he wouldn't condone anything illegal but had no evidence that the group had done anything wrong. His campaign has said it did not solicit the ad.

A call to the LEAA was not immediately returned.

The group's ad attacks Watson as a personal injury trial lawyer responsible for rising health care costs and praises Abbott's pledge for lawsuit reform and to protect children from sexual predators.

The group has not filed paperwork with federal and state authorities Watson says is necessary to be allowed to make political expenses like the television ad. He also says the group has violated the law by making political contributions despite its status as a non-profit organization.

Watson estimated LEAA spent about $1.5 million on the Texas and said his campaign would call television stations across the state asking them to pull the ad.

"This is an illegal, criminal activity and it is meant to influence Texas voters," Watson said.

Abbott said he's been assured by his staff the ad is OK.

"I've seen no evidence this group has done anything wrong," Abbott said.

$89 million governor's race buys a lot of teachers

SAN ANTONIO - The top candidates for Texas governor have spent $89 million so far in the campaign, enough money to hire 1,348 new police officers and put them on the streets in 1,348 sparkling, new patrol cars.



Copyright 2004 THE DALLAS MORNING NEWS

THE DALLAS MORNING NEWS

March 9, 2004 Tuesday
SECOND EDITION

SECTION: NEWS; Pg. 3A

LENGTH: 764 words

HEADLINE: Ad in AG race under scrutiny Commercial wasn't illegal contribution, Abbott staffers say

BYLINE: CHRISTY HOPPE, Austin Bureau

DATELINE: AUSTIN

BODY:

AUSTIN - Sworn statements in a lawsuit have raised questions about a $1.5 million attack advertising campaign launched in the final days of the 2002 attorney general's race and whether the commercial could have constituted an illegal contribution to Republican Greg Abbott, the winner.

Mr. Abbott and his campaign have long denied any affiliation with the commercial, paid for by the Virginia-based Law Enforcement Alliance for America. His campaign manager said again Monday that neither Mr. Abbott nor his staff knew of any contact.

Case:GN403206 with (4) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 9/27/2004 | PET-PL | Original Petition + Jury Demand | PLAINTIFFS' ORIGINAL PETITION |
| | | Judges Notes/Comments | |
| 10/6/2004 | SRVPROC... | Executed Service of Citation | JOHN COLYANDRO - ORIGINAL PETITION |
| 10/11/2004 | SRVPROCE SS | Executed Service of Citation | LAW ENFORCEMENT ALLIANCE OF NORTH AMERICA-ORIGINAL PETITION |



EXHIBIT

C

IN THE DISTRICT COURT
TRAVIS COUNTY, TEXAS
200TH JUDICIAL DISTRICT

| | |
|---|---|
| KIRK WATSON, and<br>MIKE HEAD,<br>        Plaintiffs,<br><br>        v.<br><br><br>LAW ENFORCEMENT ALLIANCE<br>  OF AMERICA, INC.,<br>THE UNDISCLOSED CORPORATE<br>  CONTRIBUTOR JOHN DOES,<br>JOHN DOE CONSPIRATORS, and<br>JOHN COLYANDRO.<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. GN402306<br>)<br>)<br>)   A04CA691 LY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LAW ENFORCEMENT ALLIANCE OF AMERICA,
INCORPORATED'S
NOTICE OF FILING OF REMOVAL**

PLEASE TAKE NOTICE that on October 25, 2004 Defendant Law Enforcement

Alliance of America, Inc. filed the attached Notice of Removal in the Office of the Clerk

of the United States District Court for the Western District of Texas, Austin Division.

Pursuant to 28 U.S.C. 1446(d), this Court shall proceed no further with this action unless

and until this case is remanded.

Respectfully submitted,

By: _Gregory S. Coleman_   _w/ permission by c.j.w._
Gregory S. Coleman
Texas Bar No. 00783855
Christian J. Ward
Texas Bar No. 24033434

WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Hwy., Ste. 4140
Austin, Texas 78759
Tel. 512-349-1930
Fax  512-527-0798

Of counsel:

Thomas W. Kirby
Caleb P. Burns
WILEY REIN & FIELDING LLP
1776 K St. N.W.
Washington, D.C. 20006
Tel. 202-719-7000
Fax  202-719-7049

## CERTIFICATE OF SERVICE

I certify that I served a copy of Defendant LEAA's Notice of Filing of Removal on each attorney of record listed below on the 25th day of October 2004 in accordance with the Texas Rules of Civil Procedure.

_Christian J. Ward_

Christian J. Ward

Doug W. Ray
Randall B. Wood
RAY, WOOD & BONILLA, L.L.P.
2700 Bee Caves Road #200
Austin, Texas 78746
*Counsel for plaintiffs Kirk Watson and Mike Head*

Michael Thompson, Jr.
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Ste. 1800
P.O. Box 2166
Austin, Texas 78768
*Counsel for defendant John Colyandro*