UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

FILED
2004 NO -1  PM 12: 25

| | |
|---|---|
| Watson, et al., <br>     Plaintiffs, <br> v. <br><br> Law Enforcement Alliance of America, Inc., <br> et al., <br>     Defendants. | No. A04CA 691 LY |

## ANSWER AND DEFENSES OF DEFENDANT
## LAW ENFORCEMENT ALLIANCE OF AMERICA, INC.

Defendant Law Enforcement Alliance of America, Inc. ("LEAA"), having done nothing more than to exercise core rights of speech and association guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I, §8 of the Texas Constitution, hereby answers and pleads its defenses to this misguided effort by two defeated politicians to turn their repudiations by Texas voters into a payday for themselves and payback for those whom they blame for their loss.

### ANSWER

LEAA denies each allegation of Plaintiffs' Complaint (formerly Petition) except to the extent matters are expressly admitted in the following paragraph-by-paragraph response:

### I.

1.  No response required.

### II. Parties

2.  Admitted. Kirk Watson is a resident and citizen of Texas and not of Virginia.

3.  Admitted. Mike Head is a resident and citizen of Texas and not of Virginia.

4.      Admitted. LEAA further avers that its principal place of business is in Virginia, it is incorporated under the laws of Virginia, and it is a resident and citizen of Virginia.

5.      LEAA admits that it does not disclose the identities of any of its supporters, whether they are natural persons, corporations, or other types of entities, and avers that such information is highly confidential. LEAA lacks knowledge concerning Mr. Colyandro. Otherwise denied.

6.      Denied.

7.      Admitted, except denied that Mr. Colyandro is a proper Defendant because his joinder is fraudulent.

### III. Venue and Jurisdiction

8.      Denied that LEAA committed "illegal acts" anywhere, or that any damages are "due" to Plaintiffs. Averred that the U.S. District Court for the Western District of Texas has subject matter jurisdiction because the Plaintiffs and Defendant LEAA are of diverse citizenship, Mr. Colyandro is fraudulently joined as a putative Defendant, and the amount in controversy as to each Plaintiff exceeds $75,000, exclusive of interest and costs.

### IV. Legislative Background

9.      No response is required to this legal argument.

10.     No response is required to this legal argument.

11.     No response is required to this legal argument.

12.     No response is required to this legal argument.

13.     No response is required to this legal argument.

14.     No response is required to this legal argument.

## V. Factual Background

15.     LEAA admits that it accepts funds from its supporters. It also admits spending funds for the statewide television ad and the mailing identified in the Complaint. Otherwise, denied.

16.     LEAA admits that, in the early fall of 2002, it spent its funds on the television and mail materials identified in Exhibits A and B. LEAA does not disclose the amount of such spending, and compelling it to do so would seriously impair rights under the First and Fourteenth Amendments to the United States Constitution and Article I, §8 of the Texas Constitution. However, the publicly observable activities for which LEAA paid obviously cost LEAA much more than $150,000. Otherwise denied.

17.     Denied.

18.     Denied.

## VI. Causes of Action.

### A. *Illegal Contributions and Expenditures*

19.     No response required.

20.     Denied.

21.     Denied.

22.     Denied.

### B. *Failure to Report*

22 (Repeated) No response required.

23.     Denied.

24.     Denied, except admitted that LEAA did not file any such reports, nor was it obliged to do so.

- 3 -

## VII. Attorney's Fees

25.     No response required.

## VIII.

26.     No response required.

## IX.

27.     No response required.

## X. Prayer

Wherefore, Plaintiffs should take nothing and should be assessed LEAA's legal fees and costs.

## DEFENSES

28.     The Complaint fails to state a claim on which relief can be granted.

29.     The television ad and mailing identified in the Complaint did not expressly advocate the election or defeat of any candidate or otherwise mention any election, and spending on those materials did not violate the laws relied upon by Plaintiffs or subject LEAA to regulation thereunder. LEAA's receipts were not "contributions" and its amounts spent were not "expenditures" within the meaning of the Texas Election Code.

30.     To the extent the statutes on which Plaintiffs rely prohibit activity which does not expressly advocate the election or defeat of any candidate, they are invalid, facially and as applied to LEAA, because they impermissibly burden core rights of speech and association under the First Amendments to the United States Constitution and Article I, §8 of the Texas Constitution.

    (a)     They are not necessary to achieving any compelling governmental interest.

    (b)     They are not narrowly tailored to any such justifying interest.

  (c) They are vague and overbroad.

  (d) They interfere with the right of anonymous speech.

31. The statutes on which Plaintiffs rely are invalid, facially and as applied to Plaintiffs, because they violate the due process guarantees of the Fourteenth Amendment to the United States Constitution and Article I, §19 of the Texas Constitution.

  (a) They punish speech and associational activities that are not clearly, narrowly, and objectively and precisely, defined in advance and that are not wrongful in themselves.

  (b) They allow private persons who have not suffered any injury and hold no executive position to bring and control proceedings to punish and deter speech and associational activities.

  (c) They allow speech and associational activities to be punished in arbitrary and excessive amounts unrelated to actual injury to plaintiffs or the underlying governmental interests.

32. The statutes on which Plaintiffs base their claims to damages violate the separation of powers mandated by Article II, §1 of the Texas Constitution and impair the prerogatives of the executive department in that they allow private litigants, without regard for private injury to enforce Texas law.

33. Plaintiffs suffered no injury caused by LEAA.

WHEREFORE, judgment should be entered in favor of LEAA and against Plaintiffs, and LEAA should be awarded its costs, a reasonable attorney's fee, and such other and further relief as is just.

- 5 -

Respectfully submitted,

*Gregory S. Coleman*
Gregory S. Coleman
Texas Bar No. 00783855
Christian J. Ward
Texas Bar No. 24033434
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Hwy., Ste. 4140
Austin, Texas 78759
Tel. 512-349-1930
Fax  512-527-0798

Of counsel:

Thomas W. Kirby
D.C. Bar No. 915231
Caleb P. Burns
D.C. Bar No. 474923
WILEY REIN & FIELDING LLP
1776 K St. N.W.
Washington, D.C. 20006
Tel. 202-719-7000
Fax  202-719-7049

## CERTIFICATE OF SERVICE

I certify that I served a copy of Defendant LEAA's Answer on each attorney of record listed below on the 1st day of November 2004 in accordance with the Federal Rules of Civil Procedure.

Gregory S. Coleman

Doug W. Ray
Randall B. Wood
RAY, WOOD & BONILLA, L.L.P.
2700 Bee Caves Road #200
Austin, Texas 78746
*Counsel for plaintiffs Kirk Watson and Mike Head*

Michael Thompson, Jr.
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Ste. 1800
P.O. Box 2166
Austin, Texas 78768
*Counsel for defendant John Colyandro*

AU1:\4662\02\3L$02!.DOC\58070.0003

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



Watson, et al.,

-vs-

Law Enforcement Alliance of America, Inc.
("LEAA"), et al.

Case No.:  A:04-CV-691 LY

## MOTION FOR ADMISSION *PRO HAC VICE*

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now _____ Thomas W. Kirby _____, applicant herein, and moves this Court to grant admission to the United States District Court for the Western District of Texas *pro hac vice* to represent _____ LEAA _____ in this case, and would respectfully show the Court as follows:

1. Applicant is an attorney and a member of the law firm (or practices under the name of)

    _____ Wiley Rein & Fielding LLP _____,

    with offices at

    | | |
    |---|---|
    | Mailing address: | 1776 K Street, NW |
    | City, State, Zip Code: | Washington, DC 20006 |
    | Telephone: | 202-719-7000 |
    | Facsimile: | 202-719-7049 |